IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RYAN WALDROUP,

  Plaintiff,

v.            CASE NO.:

WAL-MART STORES EAST, LP.,

  Defendant.
_____/

## COMPLAINT

Plaintiff, Ryan Waldroup (hereinafter referred to as "Plaintiff" or "Johnson"), by and through his undersigned attorney, sues Wal-Mart Stores East, LP, (hereinafter referred to as "Defendant" or "Walmart"), and alleges as follows:

*JURISDICTION AND VENUE*

1. This is an action to remedy discrimination on the basis of disability, retaliation and interference in and with the terms, conditions, and privileges of Plaintiff's employment in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111-12117, 12203, and Family Medical Leave Act, 29 U.S.C.S. §§ 2601; 2611-2654.

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 12111-12117, 12203.

3. Defendant is considered an employer within the terms and conditions

1

of the 29 USC §§ 2611 et seq. ("FMLA"), as Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto within a seventy-five (75) mile radius of Plaintiff's Molino, Florida worksite.

4.     3.     Plaintiff worked for Defendant from May 2020, until October 6, 2021. Plaintiff is considered an "eligible employee" for purposes of the FMLA as she has been employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

5.     4.     The FMLA does not contain an exhaustion requirement and Plaintiff is not required to exhaust administrative remedies before bringing suit.

6.     This action lies in the Northern District of Florida, Pensacola Division, because the unlawful employment practices were committed in this judicial district.

7.     All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and Fla. Stat. § 760.11. Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202128510) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D20210038) on February

19, 2021. On November 18, 2020, Plaintiff's received a determination notice from the FCHR notifying of their conclusion of its investigation pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his 90 day Notice of Right to Sue letter from the EEOC which was received on September 27, 2021.

## PARTIES

8. Plaintiff is a Caucasian male and a citizen of the State of Florida and resides in Santa Rosa, Florida.

9. Defendant, Walmart is a for profit business that does business in the State of Florida and Santa Rosa County.

## FACTS

10. Plaintiff is a 23 year old Caucasian male.

11. Plaintiff was employed by Defendant's Supercenter Store #990 located in Milton, Florida from December 2018, until January 27, 2021.

12. During Plaintiff's employment with Defendant, he had not been the subject of any significant disciplinary action and performed the duties and responsibilities of his position in a more than satisfactory manner.

13. In March 22, 2019, Plaintiff was diagnosed and treated for Autism Spectrum Disorder, Attention Deficit Disorder and as possibly being Bipolar.

14. Plaintiff informed his supervisors and management multiple times of his disability diagnosis and that his physician indicated his disabilities could affect

his work performance.

15. Plaintiff's disability caused him to have severe anxiety, paranoia, mental tunnel vision, and loss of focus.

16. Plaintiff's medication caused side effects including depression and drowsiness which affected his ability to sleep and wake.

17. Plaintiff reported these issues to management but they were not willing to accommodate him and his requests for an altered work schedule.

18. Plaintiff could immediately tell that the attitude of his supervisors and management team drastically changed after he reported his disability and requested an accommodation.

19. In the Fall of 2020, Plaintiff was undergoing a change to his medication related to his disabilities and informed his management team as such as it might affect his work.

20. Between October 2020 and January 22, 2021, Defendant wrote Plaintiff up ten (10) times for attendance and punctuality policy violations.

21. Plaintiff informed Defendant and it's management team that he was undergoing a medication change related to his disability and that it was affecting his ability to sleep, concentrate and wake up.

22. Defendant continued to ignore Plaintiff wrote him up for the same attendance policy violation.

23. January 27, 2021, Plaintiff was notified that his employment with Defendant was being terminated for violation of its attendance and punctuality policy.

FIRST CAUSE OF ACTION
*DISABILITY DISCRIMINATION*
*AMERICANS WITH DISABILITIES ACT, (ADA)*

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 7 through 23 of this complaint with the same force and effect as if set forth herein.

25. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

26. At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), as the Defendant employed more than 15 employees.

27. As such, Defendant is prohibited from discriminating against any qualified individual with a disability.

28. Plaintiff is, and was at all time pertinent hereto, a qualified individual with a disability.

29. Plaintiff suffers from a learning disability which is a condition that impacts his mental process.

30. Plaintiff's learning and mental processing disability is an impairment and disability within the meaning of the ADA as it substantially limits Plaintiff's ability to perform major life activities as compared to most people in the general population.

31. Plaintiff's autism, ADD and bipolar disorders substantially limited his ability to perform the major life function of mental processing, concentration and other cognitive functions.

32. Upon learning of Plaintiff's disability and requested accommodations, Defendant failed engage in a good faith interactive process with Plaintiff to determine the reasonableness of his requested accommodation.

33. Upon learning of Plaintiff's disabilities and requested accommodations, Defendant was under an obligation to engage in a good faith interactive process with Plaintiff.

34. Defendant did not engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" caused by Plaintiff's disability nor did Defendant "explore potential accommodations" to overcome those limitations.

35. Defendant's termination and disqualification of Plaintiff's employment on January 27, 2021, on the basis of his disability and Defendant's

failure to make a good faith individual assessment to determine whether Plaintiff could be employed or whether a reasonable accommodations would enable him to be employed by Defendant, violated the ADA.

36.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

37.     The adverse personnel action, the termination of Plaintiff's employment, clearly violated his statutory protected rights and constituted a prohibited employment practice, contrary to the public policy of the under the Americans with Disabilities Act, (ADA).

38.     As a result of the Defendant's violations of the ADA, Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon mental, psychological and emotional distress, and anxiety from difficult economic circumstances, resulting from his unlawful discharge.

SECOND CAUSE OF ACTION
*DISABILITY RETALIATION*
*AMERICANS WITH DISABILITIES ACT, (ADA)*

39.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 7 through 23 of this complaint with the same force and effect as if set

forth herein.

58. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from retaliating against qualified individuals for objecting to discriminatory acts or for requesting an accommodation.

59. Defendant terminated and disqualified Plaintiff from his employment in retaliation for questioning and objecting to Defendant's failure to discuss his accommodation requests and for requesting an accommodation.

60. Defendant acknowledged and regarded Plaintiff as disabled (perceived or otherwise) and as having an impairment.

61. When Plaintiff provided Defendant with sufficient information regarding his autism, ADD and bipolar disorders and requested a reasonable good faith accommodation, Plaintiff's requests became and were considered a statutorily protected activity under the ADA.

63. Plaintiff questioned and objected to Defendant's failure to discuss his accommodation requests and further complained to Defendant that all the trench digging was causing his hands, arms, legs and joint to swell and that it was becoming harder to move around, but Defendant maintained Plaintiff's trenches digging duties.

64. Prior to Plaintiff's termination, he had not been the subject of any disciplinary action written or otherwise, yet he was asked to resign.

66. Defendant's January 27, 2021, termination and disqualification of Plaintiff's employment was in retaliation for him seeking a good faith accommodation, his objecting to Defendant's discriminatory practices regarding his disability and requested accommodation, constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of the ADA.

67. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in the statutory protective activity of requesting a reasonable accommodation.

THIRD CAUSE OF ACTION
(FMLA INTERFERENCE)

1. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 3 through 6 and 8 through 23 of this complaint with the same force and effect as if set forth herein.

2. Defendant had more than sufficient knowledge that Plaintiff's absences were because of his treatment for autism, ADD and bipolar disorders which is a serious health condition and an FMLA-qualifying medical condition.

3. Defendant knew of Plaintiff's qualifying medical condition and refused to discuss any type of FMLA leave.

4. When Defendant acquired sufficient knowledge that Plaintiff's leave

may be for an FMLA-qualifying reason, Defendant should have notified Plaintiff of his eligibility to take FMLA leave within five business days.

5. The FMLA required Defendant to give Plaintiff written notice detailing his specific expectations and obligations related to the FMLA and explaining any consequences of his failure to meet these obligations.

6. Defendant never provided Plaintiff with any type of written notice regarding his FMLA rights, thus interfering with and denying his substantive rights under the FMLA.

7. On January 10, 2021, Defendant terminated Plaintiff for job abandonment for failure to return to work because of absences related to his FMLA qualifying medical condition.

8. Defendant acted with malice and with reckless disregard and interfered with Plaintiff's federally protected rights.

9. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

10. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of the FMLA and ADA;

b) Enjoining and permanently restraining those violations of the FMLA and ADA;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to the ADA and/or FMLA;

e) Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to the FMLA and ADA;

f) Awarding compensatory damages in the amount of the above-requested award, pursuant to the ADA;

g) Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to the ADA and FMLA;

h) Awarding liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii);

i) Awarding Plaintiff attorney's fees, expert witness fees, and costs of this action, pursuant to the ADA, FMLA and Fed. R. Civ. P. 54 and such other relief as this Court may deem just and proper;

j) Granting such other and further relief, equitable or otherwise, as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: December ____, 2021.   By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF**
**CLAYTON M. CONNORS, PLLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel: (850) 473-0401
Fax: (850) 473-1388
Attorney for Plaintiff